IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY MARTIN                                                                                    PLAINTIFF

v.                                              Civil No. 4:17-cv-4099

SERGEANT GRIFFIN;
CORPORAL GRIFFIE;
CORPORAL CORNETTE;
and OFFICER CULWELL                                                                         DEFENDANTS

## ORDER

Before the Court is Plaintiff Gregory Martin's failure to obey an order of the Court. On November 7, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). Plaintiff submitted an *in forma pauperis* ("IFP") application, but failed to have an appropriate detention center official complete a certification regarding inmate funds held in Plaintiff's name. (ECF No. 2).

The Court entered an order directing Plaintiff to either submit a completed IFP application for review or pay the filing fee by November 28, 2017. (ECF No. 3). The order advised Plaintiff that failure to respond within the required period would result in the dismissal of his case. On December 12, 2017, the order was returned as undeliverable. (ECF No. 5). To date, Plaintiff has not provided the Court with an updated address and has not responded to or complied with the Court's order to either submit a completed IFP application or pay the filing fee. Plaintiff's last communication with the Court was on November 7, 2017, when he filed his Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In this case, Plaintiff has failed to comply with an order of the Court and has failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** In addition, Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 18th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge